United States District Court
District of Columbia

FILED
NOV - 4 2009
Clerk, U.S. District and
Bankruptcy Courts

Wallace Deen-Mitchell, Sr.,
565 E. Renfroe Rd. #060
FCI - Talladega
Talladega, AL 35160-9481

Plaintiff,

V.

Case: 1:09-cv-02069
Assigned To : Leon, Richard J.
Assign. Date : 11/4/2009
Description: Pro Se Gen. Civil

Harley G. Lappin,
Director,
Federal Bureau of Prisons
320 First St., N.W.,
Washington, DC 20534

In his personal and
professional capacity,

and

The Federal Bureau of Prisons
320 First St, N.W.,
Washington, D.C. 20534

Defendants.

A Civil Complaint

1

I. JURISDICTION

28 U.S.C. §§ 1331-1346; 5 U.S.C. § 553; 18 U.S.C. § 4042.

II. PARTIES

Plaintiff - Wallace Dean-Mitchell, CE, for all times relevant to this claim, is a prisoner in the custody of the Federal Bureau of Prisons (BOP).

Defendant - Harley G. Lappin is the Director of the BOP, and responsible for the day-to-day safety and overall operations of the BOP, and is the BOP Chief Executive Officer.

Defendant - Federal Bureau of Prisons, BOP, is a government agency responsible the safety and security of the plaintiff while serving his sentence following a criminal conviction. Its chief operating offices are located in Washington, D.C.

III. STATEMENT REGARDING PREVIOUS LAW-SUITS AND PENDING ACTIONS

- 2 -

PLAINTIFF HAS NO OUTSTANDING LAWSUITS, AND HAS NOT FILED ANY PREVIOUS ACTIONS REGARDING THE SAME SUBJECT MATTER OF THIS COMPLAINT, NOR ANY OTHER CIVIL COMPLAINTS.

## IV.   COMPLAINT

1. ON OR ABOUT NOVEMBER 19, 2008, DEFENDANT LAPPIN IMPLEMENTED A SUBSTANTIVE RULE CHANGE IN THE BOP, AND CREATED AND APPROVED A NEW PUNITIVE HOUSING STATUS ENTITLED THE SPECIAL MANAGEMENT UNIT (SMU). THE CREATION OF THE SMU WAS IN VIOLATION OF TITLE 5 U.S.C. § 553(b) & (d).

2. ON OR ABOUT APRIL 23, 2009, DEFENDANT LAPPIN ORDERED AND/OR ARRANGED AND DIRECTED THAT THE PLAINTIFF BE PLACED INTO THE SMU, WITHOUT DUE PROCESS.

3. ON OR ABOUT APRIL 23, 2009, DEFENDANT LAPPIN, BEING FULLY AWARE THAT THE PLAINTIFF HAD SEPERATIONS FROM OTHER INMATES IN THE SMU, ORDERED THE CENTRAL INMATE MONITORING (CIM) TO BE IGNORED IN REGARDS TO PLAINTIFF, AND ARRANGED FOR

plaintiff to be housed with a known enemy and seperatee, with the specific intent of causing the wrongful death of the plaintiff, and placing plaintiff in imminent danger, in violation of the Eighth Amendment to the U.S. Constitution, and 18 U.S.C. § 4042.

4. Defendants Lappin and BOP, have ordered enemies forced into cells together in SMU, even after we inmates have identified each other as enemies to BOP staff, with the expressed intent that we assault and murder one another, in violation of the Eighth Amendment and 18 U.S.C. § 4042.

5. Defendants Lappin and BOP designed and maintain the SMU, in a manner which severely limits human contact; prohibits conversation with outside visitors; limits conversation from cell to cell; burns the light in the cells continuously for 24 hours a day; does not permit daily exercise; placement in SMU is indefinite and no reviews of status are conducted; there are no educational programs; placement in SMU disqualifies parole eligibility and adversely affects ability

-5-

to earn good time credits, causing an unconstitutional lengthening in sentence, without due process, in violation of the Sixth and Eighth Amendment and 18 U.S.C. § 4042. These actions of ¶¶ 4 & 5 began on May 11, 2009 and continues to date.

6. On or about November 19, 2009, and continuing to date, defendant Lappin and the BOP authorized all BOP staff assigned to SMU, to ignore and intentionally violate all previous settled law and validly promulgated rules and regulations that govern the operations of a segregation unit within the BOP, with the specific intent of causing harm to the plaintiff and all inmates assigned to SMU, and with the hopes that new litigation would be initiated to change settled law; these violations of civil rights, law, and established rules and regulations include, but are not limited to:

a). Supervisors and individual department heads are not required to tour SMU, to ensure safety and address concerns;

b). Administrative remedies are not

-6-

REQUIRED to BE ACCEPTED OR RECEIPTED, OR RESPONDED to.

c). EXERCISE AND SHOWER PERIODS ARE RESTRICTED, INDISCRIMINATELY, WITH NO FORM OF DUE PROCESS, AND FOR THE MOST MINUTE INFRACTIONS.

d). FOOD AND MEALS ARE USED AS A FORM OF PUNISHMENT.

e). THERE IS A WHOLLY INADEQUATE VIDEO SURVEILLANCE SYSTEM; AND THE ONE IN USE HAS TAPES PURPOSEFULLY ERASED AND/OR HIDDEN, WHEN COMPLAINTS OF MISCONDUCT BY STAFF ARE FILED, AND CLAIMED TO BE RECORDED ON THE VIDEO SYSTEM.

f). TELEPHONE PRIVILEGES ARE RESTRICTED, WITHOUT DUE PROCESS, WITH THE EXPRESS PURPOSE OF PREVENTING CONTACT WITH THE PUBLIC, AND FOR THE MOST MINUTE INFRACTIONS.

g). PLAINTIFF AND OTHER INMATES HAVE BEEN ROUTINELY PLACED ON "STRIP CELL" WITHIN THE SMU AS A PUNISHMENT FOR MINOR INFRACTIONS, WITHOUT DUE PROCESS, AND IN RETALIATION FOR CONFRONTATIONS WITH STAFF.

h). THE DEFENDANT LAPPIN, AND OR BOP

-7-

has placed, or ordered coverings placed, over cell windows to prevent inmates from witnessing the plaintiff being physically assaulted and/or the plaintiff witnessing staff committing criminal physical assaults on other inmates, which itself is premeditated act to violate the plaintiff's civil rights;

i). Defendant Lappin, and the BOP, are not permitting books and other periodicals to be received by mail;

j). Defendant Lappin, and the BOP are refusing to deliver plaintiff's mail, properly addressed to him from family and friends, and/or delaying it as much as thirty (30) days as part of the SMU requirements.

Plaintiff contends that the defendants have subjected him to the conditions and punishments described in ¶ 6, a-j, supra, in violation of his First, Fourth, Sixth and Eighth Amendments and 18 U.S.C. § 4042.

7. On or about April 23, 2009, Defendant Lappin ordered and approved the plaintiff

-8-

to be placed in Double Jeopardy. By placing him in the SMU for alleged prison offenses, for which plaintiff had already served segregation time. Upon notice, the BOP joined in a conspiracy with defendant Lappin to place plaintiff in Double Jeopardy and hold plaintiff in SMU as a long-term punitive segregation unit, for past offenses.

8. On or about May 11, 2009, and continuing to date, defendant Lappin and the BOP, have failed to provide a law library in the SMU or the equivalent, with the specific intent of denial of access to the courts. In violation of the First and Eighth Amendments, despite knowing plaintiff was challenging his criminal conviction, pro se.

9. On or about May 11, 2009, and continuing to date, defendant Lappin and BOP, placed plaintiff in imminent risk of physical injury and death, by failing to provide duress buttons in the cells, and/or some equivalent emergency notification device, after video tapes showed that staff do not tour the cell ranges routinely. In violation

of the Eighth Amendment and 18 U.S.C. § 4042.

10. Defendants Lappin and the BOP are refusing to accept validly filed remedy appeals, with the express purpose of denial access to the courts; by claiming failure to exhaust as an affirmative defense to valid complaints by the plaintiff in regards to the conditions of SMU, in violation of the First Amendment.

11. Defendants Lappin and the BOP, have denied the plaintiff access to his legal materials, in SMU, and have done so with the express purpose of denying plaintiff access to the courts, and the ability to make a valid constitutional challenge to his sentence, despite knowing plaintiff has court deadlines. The continued withholding of plaintiff's legal materials places plaintiff in imminent danger that his post-conviction challenges will be dismissed.

Wherefore, plaintiff contends the afore-mentioned claims, collectively and individually have caused the plaintiff to suffer both physical and emotional injury, and placed

the plaintiff in imminent danger of further physical and emotional danger

## V. Relief Sought

1. Plaintiff seeks trial by jury.

2. Plaintiff seeks an immediate protective order, barring defendants from attempting to have the plaintiff assaulted or killed by persons his identifies as enemies, by forcing plaintiff to have contact with those persons.

3. Plaintiff seeks a preliminary injunction and temporary restraining order, to enjoin the defendants from the acts described herein, in violation of the plaintiff's constitutional and statutorily protected rights.

4. Plaintiff seeks one million dollars ($1,000,000.00) in punitive damages, from each defendant.

5. Plaintiff seeks sixty-six thousand three-hundred and forty-eight dollars ($66,348.00) in compensatory damages.

6. PLAINTIFF SEEKS A DECLARATORY JUDG-MENT, THAT THE DEFENDANTS VIOLATED HIS CONSTITUTIONAL AND STATUTORILY PROTECTED RIGHTS.

7. PLAINTIFF SEEKS NOMINAL DAMAGES IN AN AMOUNT TO BE DETERMINED BY THE JURY, WITH COURT COSTS AND FEES ASSESSED TO THE DEFENDANTS.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY ABILITY, AND KNOWLEDGE.

DATE: 9.1.09

Respectfully Submitted,
Wallace Deen-Mitchell, Sr.
Wallace Deen-Mitchell, Sr.
# 060
565 E. Renfroe Rd.
TALLADEGA, AL
35160-9981