**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**WALLACE DEEN-MITCHELL,**            :

   **Plaintiff,**            :

             **CIVIL ACTION NO. 1:11-1902**

   **v.**            :

              **(CONNER, D.J.)**

**HARLEY G. LAPPIN and**            :   **(MANNION, M.J.)**
**FEDERAL BUREAU OF PRISONS,**

          :

   **Defendants.**

## O R D E R[1]

  Pending before the court are numerous motions filed by the plaintiff.

Specifically, plaintiff has filed two motions to amend and/or supplement his

complaint, (Doc. No. 76) & (Doc. No. 81), a "motion to have supplement to

complaint held in abeyance," (Doc. No. 82), four motions for the defendants

to return his legal materials, (Doc. No. 71), (Doc. No. 73) (Doc. No. 83) &

(Doc. No. 85), and a motion for a court order regarding the preservation of

evidence, (Doc. No. 78).

## I. Background

  By way of relevant background, the plaintiff commenced this action on

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

November 4, 2009 by filing a complaint against the Bureau of Prisons and Harley Lappin, Director of the Bureau of Prisons, in the United States District Court for the District of Columbia. (Doc. No. 1). On July 16, 2010, the plaintiff filed a motion for leave to file a supplemental complaint that was accompanied by a supplemental complaint. (Doc. No. 25). On January 4, 2011, Judge Leon, United States District Court for the District of Columbia, issued a minute order granting plaintiff's motion, and, therefore, the plaintiff's supplemental complaint was docketed as such on that day. *See* (Doc. No. 45). Furthermore, a review of the supplemental complaint indicates that plaintiff intended for the supplemental complaint to supplement his original complaint. *See id.* Accordingly, the present operative complaint in this action is comprised of (Doc. No. 1) and (Doc. No. 45), and the applicable factual background has been summarized by Judge Howell, United States District Court for the District of Columbia, as follows:

> In the initial complaint, the Plaintiff alleges the following. Lappin "implemented a substantive rule change in the BOP" that resulted in "a new punitive housing status entitled the Special Management Unit (SMU)." Compl. ¶1. "On or about April 23 2009," Lappin "ordered and/or arranged and directed that the Plaintiff be placed into the SMU [at the Talladega facility], without due process," and "being fully aware that the Plaintiff had separations from other inmates in the SMU, [Lappin] ordered the Central Inmate Monitoring (CIM) to be ignored in regards to Plaintiff, and arranged for Plaintiff to be housed with a known

2

enemy and separatee with the specific intent of causing the wrongful death of the Plaintiff and placing [him] in imminent danger . . . ." *Id.* ¶¶2-3. On the other hand, the Plaintiff alleges that Lappin and the BOP designed and maintained the SMU "in a manner which severely limits human contact . . . . *Id.* ¶5. According to the Plaintiff, lights in the SMU's cells remained on "continuously," daily exercise was not permitted, educational programs were unavailable, and placement in SMU was "indefinite." *Id.*

In the first supplemental complaint, the Plaintiff alleges the following.  Since May 21, 2010, Lappin, "his agents, employees, and persons acting in his concern, [have] placed the Plaintiff in incommunicado [at the Lewisburg facility], and will not allow the Plaintiff to send or receive mail from close family members, friends, or the courts . . . or otherwise communicate, in violation of the First Amendment . . . ." Supp. Compl. ¶1. On May 26, 2010, Lappin "ordered the Plaintiff to be executed, resulting in an attempt on the Plaintiff's life and multiple injuries . . . ." *Id.* ¶3. On May 24, May 31, June 2, and July 6 , 2010, the Plaintiff informed Lappin that "several prison gangs and District of Columbia inmates" had threatened his life and that there was "a contract on his life[.]" *Id.* ¶4. When Warden Brian A. Bledsoe had previously set the Plaintiff up to be assaulted, the Plaintiff sought protective custody and separation orders. *Id.* Lappin refused the Plaintiff's request and "instead informed the Plaintiff that he would be forced to cell with inmates that he identifies as enemies and that 'special' arrangements were being made to place the Plaintiff in Bledsoe's custody to end the Plaintiff's life." *Id.* On July 8, 2010, Lappin "had the Plaintiff forced into a cell with [an] inmate . . . identified . . . as an enemy, resulting in the Plaintiff being assaulted several times and receiving injuries to his right eye, right foot and abdomen." *Id.* ¶5. On July 9, 2010, Lappin gave similar orders to house the Plaintiff with his enemies, which resulted in another assault from which the Plaintiff suffered a broken arm; such events are "continuing to date . . . ." *Id.* ¶¶7-8.

(Doc. No. 60 at 2-3).

On September 20, 2010, the defendants filed a motion to dismiss to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(3) for improper venue, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 37). On July 21, 2011, Judge Howell found that venue in the District of Columbia was improper, and transferred this case to the Middle District of Pennsylvania. (Doc. No. 60). Specifically, Judge Howell stated:

> " . . . most of the Plaintiff's allegations regarding Lappin's personal participation in the wrongdoing 'at best strain credulity and at worse are frivolous." Mem. Op. and Order (Sept. 27, 2010) (Leon, J.) [Doc] No. 40 at 2. Nevertheless, the Court, liberally construing the Plaintiff's pro se filings, finds transfer of the case more appropriate than dismissal for three reasons. First, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (citation omitted). The Court cannot ignore, and on a motion to dismiss must accept as true, the Plaintiff's allegations that on May 24, May 31, June 2, and July 6, 2010, he informed Lappin that "several prison gangs and District of Columbia inmates" had threatened his life and that there was "a contract on his life," Supp. Compl. ¶4, and that he sustained serious injury from assaults on July 8 and July 9, 2010, by inmates placed in his cell who had been identified as his enemies. *Id.* ¶¶5, 7-8. If Lappin was personally aware of the Plaintiff's predicament and did nothing, he arguably could be subject to *Bivens* liability for those incidents. *See Fletcher v. U.S.*

4

*Parole Comm'n*, 550 F. Supp. 2d 30, 39 (D.D.C. 2008) (discussing circumstances where *Bivens* liability may attach to supervisors). Second, the Plaintiff presumably can amend the complaint in the transferee court to add the proper indispensable defendants, *i.e.*, the individuals at USP Lewisburg directly responsible for placing him with known separatees or enemies and for any other unconstitutional conditions of his confinement. *See Corr. Servs. Corp.*, 534 U.S. at 72 ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity . . . . [H]is only remedy lies against the individual[.]"). Third, the Plaintiff's Eighth Amendment claim for injunctive relief is not foreclosed. *See id.* at 74 (recognizing that a lawsuit for "injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally.").

Because a *Bivens* action seeks to hold the defendant personally liable, the proper venue for litigating such actions lies in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *see Cameron*, 983 F.2d at 256 (confirming that "[u]nder the Supreme Court's holding . . . , [§1391(e)'s venue provision] applies only to suits against government officers in their official capacities, not to *Bivens* actions") (citing *Stafford v. Briggs*, 444 U.S. 527 (1980)). The residence of the only named defendant, Lappin, is unknown and the individuals directly involved in the alleged wrongdoing are not in the District of Columbia. Hence, §1391(b)(2) – the location of the events giving rise to the complaint -- is controlling. Although the alleged misconduct occurred at BOP facilities in Talladega, Alabama, and Lewisburg, Pennsylvania, the Plaintiff alleges that the constitutional violations are ongoing. Therefore, the Court finds it in the interests of justice to transfer this action to the judicial district where the Plaintiff is currently confined.

(Doc. No. 60 at 4-5).

The plaintiff then filed a "motion for relief from judgment and/or for reconsideration or, in the alternative, motion for leave to file [an] interlocutory appeal," (Doc. No. 61), which was subsequently denied, (Doc. No. 62). After that motion was denied, the plaintiff appealed to the United States Court of Appeals for the District of Columbia Circuit, (Doc. No. 63) & (Doc. No. 64), and then withdrew his appeal, (Doc. No. 66).

On October 17, 2011, this action was electronically transferred to the Middle District of Pennsylvania. (Doc. No. 67).

## II.    Motions for Leave to Supplement and/or Amend the Complaint

A review of plaintiff's motions for leave to amend and/or supplement the complaint indicate that, plaintiff intended to file an amended complaint, but that it never reached the court. It appears that based on the Memorandum Opinion issued by Judge Howell, the plaintiff believed that he was entitled to file an amended complaint in order to name additional defendants and allegations based on events that occurred at USP-Lewisburg, and that he did so. *See* (Doc. No. 76); (Doc. No. 82). However, the court has not received that amended complaint.

In addition, the plaintiff has requested leave to supplement his, never

6

received, amended complaint. Specifically, plaintiff contends that "since the amended complaint was prepared, additional events and information that relates back to those events has occurred necessitating a supplement to the complaint, and . . . the granting of leave will allow all related issues to come before the court at one time." (Doc. No. 76 at 2).

In light of the foregoing, the court will construe plaintiff's motions as seeking leave to file an amended complaint and a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(a) and (d). Generally, a motion to amend covers matters that occurred before the filing of the original pleading but were overlooked at the time, and a supplemental pleading refers to events that occurred after the original pleading was filed. *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188 (3d Cir. 1979).

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading after receiving leave of court, and the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Moreover, "the Supreme Court has encouraged generous application of this rule generally, allowing leave to amend in the absence of evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowing the amendment [or] futility of amendment." *See United States v. Verdekal,* No. 09-0068, 2011 U.S. Dist. LEXIS 149616, at*7 (M.D. Pa. Dec. 30, 2011) (citations and internal quotation marks omitted).

Under Federal Rule of Civil Procedure 15(d), "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. . . []." Fed. R. Civ. P. 15(d). Supplemental pleadings bring an action "up to date" by setting forth new facts that have occurred since the filing of the original complaint and that affect the controversy and the relief sought. *Cont'l Life Ins. Co. v. Shearson Lehman Hutton, Inc.*, No. 88-9279, 1990 U.S. Dist. LEXIS 14783, at *2 (E.D. Pa. 1990). A motion for leave to file a supplemental pleading is left "to the sound discretion of the trial court and should be freely granted when doing so will promote the justiciable disposition of the case, will not cause undue prejudice or delay or trial inconvenience and will not prejudice the rights of any parties to the action." *Bronson v. Leedon*, No. 04-1899, 2006 U.S. Dist. LEXIS 50364, at *6 (M.D. Pa. 2006) (quoting *Bates v. W. Elec.*, 420 F. Supp. 521, 525 (E.D. Pa. 1976)). However, supplemental pleadings are limited to those events related to the claim or defense asserted in the original

8

pleading. *Seymour/Jones v. Lefebvre*, No. 90-2267, 1991 U.S. Dist. LEXIS 11886, at *3 (E.D. Pa. 1991). As this court explained, "[A] court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out [of] an entirely unrelated set of facts . . . ." *Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988)*.

Upon reviewing the rather confusing record, the court finds that plaintiff's motions for leave to amend and/or supplement his complaint should be granted. As Judge Howell, United States District Court for the District of Columbia, noted in his Memorandum Opinion, there are likely defendants at USP-Lewisburg who were personally involved in the alleged events who can be named as defendants in this action. The court agrees and finds that plaintiff should be allowed to amend his complaint so that he may name any defendants who were personally involved in the alleged violations of his constitutional rights, and how those individuals violated his constitutional rights. Furthermore, there is nothing in the record to indicate undue delay, bad faith or dilatory motive on the part of the plaintiff, nor is there any prejudice to the opposing parties by allowing amendment, and it does not appear that such amendments would be futile.

To the extent plaintiff has sought leave to supplement his complaint, this will be accomplished by filing his new amended complaint. However, the plaintiff is cautioned that all allegations must relate to his allegations in his original and supplemental complaint, (Doc. No. 1) & (Doc. No. 45). To be clear, any unrelated allegations must be raised in a separate action and the plaintiff must pay the applicable filing fee. In addition, the court does not find that the opposing parties will suffer any prejudice if the plaintiff is granted leave to supplement his complaint.

In light of the fact that the court will grant plaintiff's motions for leave to amend and/or supplement his complaint, the plaintiff is directed to file **one** all-inclusive amended complaint by **February 15, 2012.** In addition, no further amendments or supplements to that complaint will be permitted. Moreover, the plaintiff is directed that his all-inclusive amended complaint shall comply with the following guidelines:

(a)     The plaintiff's amended complaint shall be complete, in and of itself, without reference to any prior filings.

(b)     The plaintiff's amended complaint shall include any and all defendants whom the plaintiff wishes to name in this action.

10

(c)    The plaintiff's amended complaint <u>must</u> include appropriate allegations of <u>each</u> defendant(s) <u>personal</u> <u>involvement</u>.

(d)    The plaintiff's amended complaint must specifically state which federally protected right(s) he alleges the defendant(s) have violated.

(e)    In accordance with <u>Fed. R. Civ. P. 8(a)</u>, the plaintiff's amended complaint shall set forth a short and plain statement of the grounds upon which the court's jurisdiction depends.

(f)    In accordance with <u>Fed. R. Civ. P. 10(b)</u>, the plaintiff's amended complaint shall be divided into separate, numbered paragraphs, the contents of each of which shall be limited, as far as practicable, to a statement of a single set of circumstances.

(g)    In accordance with <u>Fed. R. Civ. P. 8(d)</u>, each averment of the plaintiff's amended complaint shall be simple, concise and direct.

(h)    The plaintiff's amended complaint shall contain a short and

11

plain statement of the claim for relief and a demand for specific judgment.

(l) **Should the plaintiff fail to file his amended complaint within the required time period, or fail to follow the above mentioned procedures, a recommendation will be made to dismiss this action**.

Since the court is going to allow the plaintiff to file one all-inclusive complaint, his "supplement to complaint," (Doc. No. 77), will be stricken from the record. In addition, plaintiff's motion to have his supplement to the complaint held in abeyance until the court receives his amended complaint, (Doc. No. 82), will be denied as moot as the court is directing the plaintiff to file **one final all-inclusive amended** complaint by February 15, 2012.

## III.   Motions Regarding the Return of Plaintiff's Legal Materials

Plaintiff has filed several motions seeking the return of his legal materials. Specifically, plaintiff contends that prison officials at USP-Lewisburg have confiscated various documents he intended to use as exhibits as well as his motion to amend his complaint, and a copy of his amended complaint. *See* (Doc. No.'s 71, 72, 73, 83 & 85). As such, he seeks that the

12

court order that these documents be returned to him.

To the extent plaintiff seeks the return of his documents that he believes are relevant to this case and may be used as exhibits, the court finds that, at this stage of the proceedings, his motion should be denied as premature. Assuming that these legal materials are relevant, the plaintiff will have ample time to request these documents and other legal materials during the course of discovery. As such, the court will deny his motion for the return of any records, documents and legal materials without prejudice to him refiling his motion at the close of discovery.

To the extent plaintiff seeks the return of his motion to amend his complaint or amended complaint, the court finds that such a request is moot. As discussed above, the plaintiff will be permitted to file one all-inclusive amended complaint, and he will have sufficient time to do so.

Therefore, the plaintiff's motions regarding the return of his legal materials, (Doc. No. 71), (Doc. No. 73), (Doc. No. 83) & (Doc. No. 85) are **DENIED**.

## IV.    Motion regarding the Preservation of Evidence

Finally, the plaintiff seeks an order directing the defendants not to

destroy evidence. In plaintiff's brief in support he indicates that he would like the following evidence to be preserved: "a semen stained shirt and towel, various videotapes; various photographs; letters and other written documents." (Doc. No. 78 at 2). He further indicates that this evidence is described in "Exhibit No. 1." *Id.* However, there is no exhibit attached to his motion. Accordingly, the plaintiff has failed to provide the court with sufficient specific information regarding what evidence he seeks to have preserved. As such, the plaintiff's motion "for an order directing defendants not to destroy evidence," (Doc. No. 78), will be **DENIED** without prejudice to him refiling the motion, specifically identifying the evidence which he seeks to be preserved.

## V.   CONCLUSION[2]

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1)   plaintiff's motions to amend and/or supplement his complaint, (Doc. No. 76) & (Doc. No. 81), are **GRANTED,** and plaintiff shall file **one final all-inclusive** amended complaint by February 15, 2012 in accordance with the directions provided above;

(2)   plaintiff's "motion to have supplement to complaint held in

---

[2] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

14

abeyance," (Doc. No. 82), is **DENIED** as moot;

(3)    plaintiff's motions for the defendants to return his legal materials, (Doc. No. 71), (Doc. No. 73), (Doc. No. 83) & (Doc. No. 85), are

**DENIED**;

(4)    plaintiff's motion for a court order regarding the preservation of evidence, (Doc. No. 78), is **DENIED;** and

(5)    plaintiff's supplemental complaint, (Doc. No. 77), is stricken from the record.

s/ *Malachy E. Mannion*

**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** January 10, 2012
O:\shared\ORDERS\2011 ORDERS\11-1902-02.wpd