UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WALLACE DEEN-MITCHELL,          :

    Plaintiff,          :
                                                 CIVIL ACTION NO. 1:11-1902

    v.          :

                                                 (CONNER, D.J.)

HARLEY G. LAPPIN and          :          (MANNION, M.J.)
FEDERAL BUREAU OF PRISONS,

                           :

    Defendants.

## REPORT AND RECOMMENDATION[1]

Pending before the court is a motion for extension of time to amend the complaint (Doc. No. 92) and a proposed amended complaint (Doc. No. 94). Now, therefore, for the following reasons we will recommend the complaint be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court order, pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous, malicious and failing to state a claim upon which relief may be granted, and for non-compliance with Fed. R. Civ. P. 20.

**I.    Background**

This case has a long and convoluted procedural history. Plaintiff

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

commenced this action on November 4, 2009 by filing a complaint against the Bureau of Prisons and Harley Lappin, Director of the Bureau of Prisons, in the United States District Court for the District of Columbia. (Doc. No. 1). On July 16, 2010, the plaintiff filed a motion for leave to file a supplemental complaint that was accompanied by a supplemental complaint. (Doc. No. 25). On January 4, 2011, Judge Leon, United States District Court for the District of Columbia, issued a minute order granting plaintiff's motion, and, therefore, the plaintiff's supplemental complaint was docketed as such on that day. *See* (Doc. No. 45). Furthermore, a review of the supplemental complaint indicates that plaintiff intended for the supplemental complaint to supplement his original complaint. *See id.* Accordingly, the present operative complaint in this action is comprised of (Doc. No. 1) and (Doc. No. 45), and the applicable factual background has been summarized by Judge Howell, United States District Court for the District of Columbia, as follows:

> In the initial complaint, the Plaintiff alleges the following. Lappin "implemented a substantive rule change in the BOP" that resulted in "a new punitive housing status entitled the Special Management Unit (SMU)." Compl. ¶1. "On or about April 23 2009," Lappin "ordered and/or arranged and directed that the Plaintiff be placed into the SMU [at the Talladega facility], without due process," and "being fully aware that the Plaintiff had separations from other inmates in the SMU, [Lappin] ordered the Central Inmate Monitoring (CIM) to be ignored in regards to Plaintiff, and arranged for Plaintiff to be housed with a known

enemy and separatee with the specific intent of causing the wrongful death of the Plaintiff and placing [him] in imminent danger . . . ." *Id.* ¶¶2-3. On the other hand, the Plaintiff alleges that Lappin and the BOP designed and maintained the SMU "in a manner which severely limits human contact . . . . *Id.* ¶5. According to the Plaintiff, lights in the SMU's cells remained on "continuously," daily exercise was not permitted, educational programs were unavailable, and placement in SMU was "indefinite." *Id.*

In the first supplemental complaint, the Plaintiff alleges the following. Since May 21, 2010, Lappin, "his agents, employees, and persons acting in his concern, [have] placed the Plaintiff in incommunicado [at the Lewisburg facility], and will not allow the Plaintiff to send or receive mail from close family members, friends, or the courts . . . or otherwise communicate, in violation of the First Amendment . . . ." Supp. Compl. ¶1. On May 26, 2010, Lappin "ordered the Plaintiff to be executed, resulting in an attempt on the Plaintiff's life and multiple injuries . . . ." *Id.* ¶3. On May 24, May 31, June 2, and July 6 , 2010, the Plaintiff informed Lappin that "several prison gangs and District of Columbia inmates" had threatened his life and that there was "a contract on his life[.]" *Id.* ¶4. When Warden Brian A. Bledsoe had previously set the Plaintiff up to be assaulted, the Plaintiff sought protective custody and separation orders. *Id.* Lappin refused the Plaintiff's request and "instead informed the Plaintiff that he would be forced to cell with inmates that he identifies as enemies and that 'special' arrangements were being made to place the Plaintiff in Bledsoe's custody to end the Plaintiff's life." *Id.* On July 8, 2010, Lappin "had the Plaintiff forced into a cell with [an] inmate . . . identified . . . as an enemy, resulting in the Plaintiff being assaulted several times and receiving injuries to his right eye, right foot and abdomen." *Id.* ¶5. On July 9, 2010, Lappin gave similar orders to house the Plaintiff with his enemies, which resulted in another assault from which the Plaintiff suffered a broken arm; such events are "continuing to date . . . ." *Id.* ¶¶7-8.

(Doc. No. 60 at 2-3).

3

On September 20, 2010, the defendants filed a motion to dismiss to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(3) for improper venue, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 37). On July 21, 2011, Judge Howell found that venue in the District of Columbia was improper, and transferred this case to the Middle District of Pennsylvania. (Doc. No. 60). Specifically, Judge Howell stated:

> " . . . most of the Plaintiff's allegations regarding Lappin's personal participation in the wrongdoing 'at best strain credulity and at worse are frivolous." Mem. Op. and Order (Sept. 27, 2010) (Leon, J.) [Doc] No. 40 at 2. Nevertheless, the Court, liberally construing the Plaintiff's pro se filings, finds transfer of the case more appropriate than dismissal for three reasons. First, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (citation omitted). The Court cannot ignore, and on a motion to dismiss must accept as true, the Plaintiff's allegations that on May 24, May 31, June 2, and July 6, 2010, he informed Lappin that "several prison gangs and District of Columbia inmates" had threatened his life and that there was "a contract on his life," Supp. Compl. ¶4, and that he sustained serious injury from assaults on July 8 and July 9, 2010, by inmates placed in his cell who had been identified as his enemies. *Id.* ¶¶5, 7-8. If Lappin was personally aware of the Plaintiff's predicament and did nothing, he arguably could be subject to *Bivens* liability for those incidents. *See Fletcher v. U.S.*

4

*Parole Comm'n*, 550 F. Supp. 2d 30, 39 (D.D.C. 2008) (discussing circumstances where *Bivens* liability may attach to supervisors). Second, the Plaintiff presumably can amend the complaint in the transferee court to add the proper indispensable defendants, *i.e.*, the individuals as USP Lewisburg directly responsible for placing him with known separatees or enemies and for any other unconstitutional conditions of his confinement. *See Corr. Servs. Corp.*, 534 U.S. at 72 ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity . . . . [H]is only remedy lies against the individual[.]"). Third, the Plaintiff's Eighth Amendment claim for injunctive relief is not foreclosed. *See id.* at 74 (recognizing that a lawsuit for "injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally.").

Because a *Bivens* action seeks to hold the defendant personally liable, the proper venue for litigating such actions lies in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *see Cameron*, 983 F.2d at 256 (confirming that "[u]nder the Supreme Court's holding . . . , [§1391(e)'s venue provision] applies only to suits against government officers in their official capacities, not to *Bivens* actions") (citing *Stafford v. Briggs,* 444 U.S. 527 (1980)). The residence of the only named defendant, Lappin, is unknown and the individuals directly involved in the alleged wrongdoing are not in the District of Columbia. Hence, §1391(b)(2) – the location of the events giving rise to the complaint -- is controlling. Although the alleged misconduct occurred at BOP facilities in Talladega, Alabama, and Lewisburg, Pennsylvania, the Plaintiff alleges that the constitutional violations are ongoing. Therefore, the Court finds it in the interests of justice to transfer this action to the judicial district where the Plaintiff is currently confined.

(Doc. No. 60 at 4-5).

The plaintiff then filed a "motion for relief from judgment and/or for reconsideration or, in the alternative, motion for leave to file [an] interlocutory appeal," (Doc. No. 61), which was subsequently denied, (Doc. No. 62). After that motion was denied, the plaintiff appealed to the United States Court of Appeals for the District of Columbia Circuit, (Doc. No. 63) & (Doc. No. 64), and then withdrew his appeal, (Doc. No. 66).

On October 17, 2011, this action was electronically transferred to the Middle District of Pennsylvania. (Doc. No. 67).

On October 27, 2011 and again on November 10, 2011, plaintiff filed motions for leave to amend and/or supplement the complaint. (Doc. Nos. 76 and 82). Because it appeared that based on the Memorandum Opinion issued by Judge Howell, the plaintiff believed that he was entitled to file an amended complaint in order to name additional defendants and allegations based on events that occurred at USP-Lewisburg this court, on January 10, 2012 granted plaintiff leave to amend his complaint.  (Doc. No. 86).

However, this court granted leave to amend under very specific conditions. This court construed plaintiff's motions as seeking leave to file an amended complaint and a supplemental complaint pursuant to Federal Rule

6

of Civil Procedure 15(a) and (d). This court found that plaintiff should be allowed to amend his complaint so that he may name any defendants who were personally involved in the alleged violations of his constitutional rights, and how those individuals violated his constitutional rights. The plaintiff was directed to file **one** all-inclusive amended complaint by **February 15, 2012.** In addition, no further amendments or supplements to that complaint will be permitted. Moreover, the plaintiff was directed that his all-inclusive amended complaint was to comply with the following guidelines:

(a)   The plaintiff's amended complaint shall be complete, in and of itself, without reference to any prior filings.

(b)   The plaintiff's amended complaint shall include any and all defendants whom the plaintiff wishes to name in this action.

(c)   The plaintiff's amended complaint must include appropriate allegations of each defendant(s) personal involvement.

(d)   The plaintiff's amended complaint must specifically state which federally protected right(s) he alleges the defendant(s) have violated.

(e)   In accordance with Fed. R. Civ. P. 8(a), the plaintiff's amended complaint shall set forth a short and plain statement of the grounds upon which the court's jurisdiction depends.

(f)   In accordance with Fed. R. Civ. P. 10(b), the plaintiff's amended complaint shall be divided into separate, numbered paragraphs, the contents of each of which shall be limited, as far as practicable, to a statement of a single

      set of circumstances.

  (g)    In accordance with Fed. R. Civ. P. 8(d), each averment of the plaintiff's amended complaint shall be simple, concise and direct.

  (h)    The plaintiff's amended complaint shall contain a short and plain statement of the claim for relief and a demand for specific judgment.

  (I)    **Should the plaintiff fail to file his amended complaint within the required time period, or fail to follow the above mentioned procedures, a recommendation will be made to dismiss this action**.

(Doc. No. 86).

Plaintiff then filed several motions for extension of time to file his amended complaint, which this court accepted, thus, we will accept the proposed amended complaint as timely (Doc. No. 94).

## II.   DISCUSSION

Plaintiff did not follow the mandate set forth in this court's January 10, 2012 order (Doc. No. 86), thus we will recommend that the complaint be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court order, pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous, malicious and failing to state a claim upon which relief may be granted, and for non-compliance with Fed. R. Civ. P. 20.

Plaintiff's original complaint and supplemental complaint (Doc. Nos. 1

and 45) attempted to set forth claims of violations of the 1st, 8th, and 14th amendments of the United States Constitution. As stated by Judge Howell, the judge to whom the case was originally assigned to, " . . . most of the Plaintiff's allegations regarding Lappin's personal participation in the wrongdoing at best strain credulity and at worse are frivolous." (Doc. No. 60 at 4). But, the court, in liberally construing the plaintiff's pro se filings, found that the plaintiff pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007).

The proposed amended complaint contains allegations that arise out of many different transactions or occurrences and do not have questions of law or fact in common to all defendants, in violation of Fed. R. Civ. P. 20(a). Plaintiff's complaint is clearly unmanageable and the 74 defendants would have great difficulty responding to it. Plaintiff's complaint spans the gamut of alleged incidents in terms of time and subject matter. He claims that some defendants conspired to mis-label the special management unit ("SMU") as non-punitive housing (¶ 1); he was placed in the SMU without due process (¶ 2); he was housed or forced into a cage with "known enemies" with the specific intent of causing him harm and/or death (¶ 3, 12, 14, 25, 28, 30, 32, 33, 39, 40); pre-arranged gladiator battles were ordered to cause him harm

9

(¶ 4); food and meals were withheld as punishment (¶ 6); privileges were taken away without due process (¶ 6); his free speech rights were suppressed (¶ 6); his mail was withheld (¶ 6, 21); he was denied access to the law library/courts (¶ 8, 11, 21, 32, 37, 38); the cells were not equipped with duress buttons nor routinely patrolled (¶ 9); incident reports were fabricated (¶ 13, 16, 17); defendants failed to document injuries (¶ 15); contraband was planted in plaintiff's possession (¶ 16); mental health treatments were denied (¶ 18); he was physically assaulted by defendants (¶ 19, 23, 25, 33, 34); medical treatment was withheld (¶ 20, 24, 27, 29, 31, 42, 47); defendants stole his personal property (¶ 32); he was sexually assaulted by defendants (¶ 35, 43); defendants covered up the sexual assaults (¶ 36) and he was retaliated against for reporting grievances (¶ 44, 45, 46, 48).

"While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different factual and legal issues"" *Chrichlow v. Doe*, 2012 U.S. Dist. LEXIS 66173, at *3 (D. DE May 11, 2012), *citing* *Zhu v. Countrywide Realty Co., Inc.,* 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001). "Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Chrichlow, supra, citing, Mincy v. Klem,* 2007 WL 1576444, at *1

10

(M.D. Pa. May 30, 2007), *and* Goerge v. Smith, 507 F.3d 605, 607 (7th Cir. 2007 ) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced, but also to ensure that prisoners pay the required filing fees."), *see also* Smith v. Kirby, 53 F. App'x 14, 16 (10th cir. 2002) (unpublished) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court. . .").

Plaintiff's proposed amended complaint (Doc. No. 94), does not comply with our January 10, 2012 order. It also is frivolous and fails to state a claim upon which relief may be granted. Plaintiff's proposed amended complaint adds 74 defendants from USP-Lewisburg. Plaintiff's proposed amended complaint, does not, as directed in our January 10, 2012 order, include appropriate allegations of each defendants personal involvement. Nor does he state a claim upon which relief may be granted against each of the 74 defendants. Nor does the proposed amended complaint involve issues of law or fact common to the 74 defendants. Plaintiff names several defendants in each paragraph of his proposed amended complaint, without alleging how each defendant was personally involved in the alleged violation, nor any

11

alleged facts to support his claims. Plaintiff's amended complaint is frivolous and malicious because he appears to have named as many staff members at USP-Lewisburg that he could, then asserted general claims in each paragraph of his amended complaint without any support for what these additional 74 defendants did to violate his Constitutional rights. There are no "well-pleaded facts" in plaintiff's complaint. Plaintiff has merely made bald and threadbare allegations against these 74 additional defendants. The alleged constitutional violations are so many and varied with no commonality to the facts or law, whatsoever, that the 74 defendants could not possibly be placed on notice of how to defend the claims of plaintiff.

The court is recommending dismissal because plaintiff has amended or supplemented his complaint several times, and the court order of January 10, 2012 (Doc. No. 86) was very specific and clear as to what we would accept from a proposed amended complaint. Thus, for all of the foregoing reasons, we will recommend that the complaint be dismissed.

### III.  RECOMMENDATION

For the reasons elaborated above, **IT IS RECOMMENDED THAT:**

**(1)** Plaintiff's proposed amended complaint be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court order, pursuant to

28 U.S.C. § 1915A(b)(1) as frivolous, malicious and failing to state a claim upon which relief may be granted, and for non-compliance with Fed. R. Civ. P. 20.

**(2)** The clerk should terminate all other pending motions.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** June 4, 2012
O:\shared\REPORTS\2011 Reports\11-1902-01.wpd

13