## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALLACE DEEN-MITCHELL, | |
| Plaintiff, | CIVIL ACTION NO. 1:11-CV-01902 |
| v. | (CONNER, C.J.) |
| | (MEHALCHICK, M.J.) |
| HARLEY G. LAPPIN, et al., | |
| Defendants | |

### MEMORANDUM

This matter comes before the Court on the United States of America's motion to revoke Plaintiff's *in forma pauperis* (IFP) status. (Doc. 125). For the reasons stated herein, Defendant's motion will be **GRANTED**.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Wallace Deen-Mitchell, proceeding *pro se*, is a federal prisoner. According to the complaint, Plaintiff was located at the Federal Correctional Institution in Talladega, Alabama, when he filed the complaint. (Doc. 1, p. 11; *see also* Doc. 60, p. 1). From July 6, 2010 to November 17, 2011, Plaintiff was incarcerated at United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). (Knepper Dec.; Doc. 127-1, p. 3). Plaintiff is currently incarcerated at the United States Penitentiary in Florence, Colorado ("USP Florence").

Plaintiff filed this civil rights action and an application to proceed *in forma pauperis* in the United States District Court for the District of Columbia on November 4, 2009. (Doc. 1). The court granted Plaintiff's motion to proceed *in forma pauperis*. (Doc. 4). On January 13, 2014, the

United States of America filed a motion to revoke Plaintiff's *in forma pauperis* status.[1] On January 27, 2014, it filed its brief in support. (Doc. 127). On February 4, 2014, Plaintiff filed a brief in opposition (Doc. 129), and on February 12, 2014, Plaintiff filed a second brief in opposition. (Doc. 132). On February 12, 2014, Plaintiff also filed a motion for an evidentiary hearing to resolve the issue of whether he has accumulated three trikes per the Prison Litigation Reform Act (PLRA). (Doc. 131). The Court denied Plaintiff's request for an evidentiary hearing and ordered Plaintiff to Show Cause why he has not accumulated three strikes. (Doc. 133). On April 25, 2014, Plaintiff filed his response to this Court's Show Cause Order. (Doc. 142). On May 8, 2014, the United States filed a reply brief in support of their motion to remove Plaintiff's *in forma pauperis* status. (Doc. 143). On May 23, 2014, Plaintiff filed a *sur* reply brief. (Doc. 144).

According to the Federal Bureau of Prisons (BOP), Plaintiff Wallace Deen-Mitchell's name is listed as Wallace Mitchell and the register number assigned to him by the BOP is 51443-060. (Doc. 127, p. 8). The District of Columbia Department of Corrections (DCDC) inmate identification number associated with Wallace Mitchell, registration number 51443-060, is DCDC # 245357.[2]

---

[1] The Court notes that the United States of America is not a party to this matter. Accordingly, the Court will allow permissive intervention of the United States of America under Fed. R. Civ. P. 24(b) for the limited purpose of presenting the subject motion.

[2] *See* http://www.bop.gov/inmateloc/.

II.   **DISCUSSION**

A plaintiff is barred from proceeding *in forma pauperis* if he is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g), and if he has failed to demonstrate that he was under imminent danger of serious physical injury at the time the complaint was filed.

The statutory text of the "three strikes rule" provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Third Circuit recently discussed the appropriate standard for evaluating the accrual of "strikes" under 28 U.S.C. § 1915(g):

> [A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissal for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).

A.   **PLAINTIFF'S PRIOR "STRIKES"**

The United States argues that Plaintiff had already accrued three strikes prior to Plaintiff's filing of the complaint in this action. Overall, "[t]he applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence." *Robert v. Walls*, No. 11-234, 2011 WL 1599652, at *1 (W.D. Pa. Mar. 14, 2011) (citation omitted). "[P]risoners moving for IFP status need not produce evidence showing the grounds for prior dismissals. Such evidence must be produced either by the defendant challenging the prisoner's IFP status

or, when readily available, by the court itself." *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 435–36 (D.C. Cir. 2007); *see also Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). "[O]nce such evidence has been produced, the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes." *Thompson*, 492 F.3d at 436; *Andrews*, 398 F.3d at 1120; *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998).

In the instant case, the United States has identified that Plaintiff has accrued the following three strikes (Doc. 127):

1. *Wallace Mitchell v. Color Lab*, No. 2:93-CV-4408 (D.N.J. Oct. 4, 1993) (dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(d)); complaint filed by Wallace Mitchell, No. 51443-060;

2. *Wallace Mitchell v. Olds*, et al., No. 1:99-CV-01338, slip op. (D.D.C. June 11, 1999) (dismissing for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1)) (*see* Doc. 127-2, p. 1); complaint filed by Wallace Mitchell, No. 51443-060; and

3. *Mitchell v. Davis*, No. 1:99-CV-2330, slip op. (D.D.C. Sept. 1, 1999) (dismissing complaint with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1)); complaint filed by Wallace Mitchell, No. 51443-060.

In response to this Court's order to show cause why these three cases should not be considered strikes against him, Plaintiff responded that: "there are other 'Wallace Mitchell's,' to include at least two relatives, with the same name, and one in particular, who has used the plaintiff's identification in multiple events." (Doc. 142, p. 2).

With respect to the *Color Lab* decision, Plaintiff asserts that this case was filed in 1993, before the enactment of the PLRA; thus, Plaintiff argues, this case does not qualify as a strike under the PLRA. Additionally, Plaintiff argues that the case was filed in New Jersey and that he has never been in New Jersey. Further, Plaintiff argues that the plaintiffs who are named in

*Color Lab* and *Olds* are in Washington, D.C. Plaintiff provides no information with respect to *Davis*. (*See* Doc. 142).

In *Color Lab*, the plaintiff in that case filed a notice of change of address, dated February 6, 2014, and filed with the court on February 10, 2014. The notice was signed by Wallace Mitchell, "DC No. 245-357." The return address states that the plaintiff is Wallace Mitchell, # 51443-060, located in Florence, Colorado. Both the DCDC number 245-357 and inmate locator number 51443-060 referenced by the plaintiff in *Color Lab* are the same identifiers for Plaintiff Wallace Deen-Mitchell, who is the Plaintiff in the current proceeding. Further, in assessing when a particular inmate-plaintiff is subject to the gatekeeping provisions of § 1915(g), it is also clear that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g)." *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143, 144 (3d Cir. 1997); *see also Ball v. Hummel*, No. 12-814, 2012 WL 3618702, at *6 (M.D. Pa. July 30, 2012) *report and recommendation adopted*, No. 12-814, 2012 WL 3614045 (M.D. Pa. Aug. 21, 2012). Thus, even though *Color Lab* was decided in 1993, before the enactment of the PLRA, it may still count as a strike under § 1915(g).

In *Olds*, the plaintiff in that case, Wallace Mitchell, filed an identical notice of change of address, dated February 17, 2014. The notice was signed by Wallace Mitchell, "DC # 245-357." Thus, the identification number is identical to Plaintiff Wallace Deen-Mitchell, the Plaintiff in the instant case. The fact that the signature line provided by the plaintiff in both *Color Lab* and *Olds* indicates an address in Washington, D.C., has no bearing on the identification of the plaintiff. The plaintiff in each case identified himself with either the DCDC number or BOP register number, which both identify the plaintiff as the same Plaintiff in the instant matter. Further, the return address for the notice filed in *Color Lab* indicates the notice

came from Wallace Mitchell, 51443-060, located in Florence, Colorado. (*See* Case No. 2:93-CV-04408, D.N.J., Document No. 12, p. 2). An envelope was not included in the docket entry for the *Olds* case.

The Court finds that the United States has satisfied its burden of producing evidence that the plaintiff in *Color Lab* and *Olds* is the same plaintiff in the instant matter. With respect to the *Davis* case, Plaintiff has not provided an argument to counter the strike accumulated in *Davis*. The Court finds that Plaintiff has failed to meet its burden in explaining why these past dismissals should not count as strikes. As such, the Court concludes that Plaintiff in this matter has accumulated three strikes under 28 U.S.C. § 1915(g), and that the three strikes accrued well before the instant action was filed on November 4, 2009. As a result, Plaintiff was not entitled to proceed without prepayment of fees unless he was "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

B. The Imminent Danger Exception

"The Act provides a limited exception to [the three strikes] rule when a prisoner is in 'imminent danger of serious physical injury,' which serves as a 'safety valve' to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee." *Brown v. Lyons*, —– F.Supp.2d ——, 2013 WL 5629774, at *4 (E.D. Pa. Oct. 16, 2013). Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations. *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998). Moreover, "a prisoner claiming that she is in imminent danger of serious physical harm must make specific and credible allegations to that effect." *Ball v. Famiglio*, 726 F.3d 448, 470 (3d. Cir. 2013) (internal quotation marks and alterations omitted). "When considering whether imminent danger of physical injury has been alleged,

courts may reject 'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status." *Brown*, 2013 WL 5629774, at *4 (citing *Famiglio*, 726 F.3d at 468).

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Abdul–Akbar*, 239 F.3d at 315. "Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Abdul–Akbar*, 239 F.3d at 313. Moreover, "even if an alleged harm may in fact be 'impending,' it does not satisfy this exception if it does not threaten to cause 'serious physical injury.'" *Brown*, 2013 WL 5629774, at *4 (citing 28 U.S.C. § 1915(g)).

In reviewing the complaint, the Court finds that no imminent danger was alleged. The facts alleged therein are concerned with an alleged assault that occurred on April 23, 2009 at the Federal Correctional Institution in Talladega, Alabama, several months before the complaint in this action was filed. (Doc. 1, pp. 3-4; Doc. 1, p. 11; *see also* Doc. 60, p. 1). An allegation of a past injury that has not recurred does not constitute an "imminent" danger. *See Famiglio*, 726 F.3d at 468. Plaintiff offers generalized allegations of a larger pattern of inadequate prison policies (*see* Doc. 1, pp. 5-11), but such a generalized allegation is insufficient to connect these incidents "into a pattern of threats of serious physical injury that are ongoing." *See Abdul–Akbar*, 239 F.3d at 315 n. 1; *Brown*, 2013 WL 5629774, at *5.

The Court finds that Plaintiff has not alleged sufficient facts, either in the original complaint or in his subsequent pleadings in this action, to establish that he was "under imminent danger of serious physical injury" at the time the complaint was filed. *See Abdul–*

*Akbar*, 239 F.3d at 312. Accordingly, none of his claims falls within the scope of the "imminent danger" exception to the "three strikes rule" stated in 28 U.S.C. § 1915(g), and Plaintiff is statutorily barred from proceeding *in forma pauperis* in this action.

### C. EVIDENTIARY HEARING

In his response to the show cause order, Plaintiff requests an evidentiary hearing on the issue of the three strikes and imminent danger exception. (Doc. 142). In his *sur* reply brief, Plaintiff against requests an evidentiary hearing. In support of his requests, he states that the United States relied on handwriting evidence as part of its argument to revoke Plaintiff's IFP status. (Doc. 144, p. 2). Because the Court does not decide this matter based on handwriting samples, no testimony to support handwriting evidence is necessary. Plaintiff further argues that an evidentiary hearing is necessary to determine if the "change of address" notices, relied on by the United States, were actually mailed from USP Florence, where Plaintiff is currently incarcerated. (Doc. 144, p. 6). Plaintiff also asserts that the imminent danger alleged in his amended complaint is ongoing, and whether he is in imminent danger is a material fact in dispute which should be decided at an evidentiary hearing. (Doc. 144, p. 7).

The Third Circuit Court of Appeals has held that when a plaintiff's claim of the "imminent danger" exception to § 1915(g) is challenged, a determination must be made regarding the credibility of Plaintiff's imminent danger claim. *Bronson v. Kerestes*, No. 09-0269, 2010 WL 411720, at *3 (M.D. Pa. Jan. 25, 2010) (citing *Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997)). "In resolving a contested issue of imminent danger, the district court may rely upon evidence supplied by sworn affidavits or depositions, or, alternatively, may hold a hearing." *Gibbs v. Roman*, 116 F.3d 83, 86-87 (3d Cir. 1997). If the defendant disproves the charge that the

plaintiff was placed in imminent danger, the plaintiff will have failed to satisfy the § 1915(g) threshold and is required to pay the standard filing fee. *Gibbs*, 116 F.3d. at 86-87.

Here, Plaintiff's claim that he was in imminent danger at the time his complaint was filed was challenged. (*See* Doc. 125). As noted above, the Court found that at the time Plaintiff filed his complaint he was not in imminent danger. Plaintiff has produced no declarations or affidavits to further show that he was in imminent danger at the time he filed the complaint. In weighing the evidence, the Court finds that there is sufficient evidence on the record to support a ruling that Plaintiff was not in imminent danger at the time he filed his complaint. *See Bronson*, 2010 WL 411720, at *3.

Further, with respect to the Three Strikes standard, the burden is on the applicant to prove that he is entitled to IFP relief. *See Robert*, 2011 WL 1599652.  Once a defendant[3] has presented evidence challenging the prisoner's IFP status, "the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes." *Thompson*, 492 F.3d at 436. Plaintiff argues that the burden is on the United States, and thus an evidentiary hearing is necessary for the United States to prove that Plaintiff is not entitled to IFP relief. (Doc. 144, pp. 2-3). Plaintiff presents no authority for his burden-shifting proposition. Rather, the ultimate burden is on the plaintiff. Plaintiff has not presented any affidavits, declarations, or any other documentary evidence to suggest that some other inmate has been using his name and his inmate number, as he alleged in his response to this Court's show cause order (*see* Doc. 142), and the Court finds that an evidentiary hearing would be

---

[3] In this case, the United States is the moving party in the pending motion to revoke IFP status.

ineffective. As Plaintiff has not presented any evidence to rebut the challenge to his IFP status, the Court will deny Plaintiff's request for an evidentiary hearing and **GRANT** the motion to revoke Plaintiff's *in forma pauperis* status. (Doc. 125).

III.   C̲O̲N̲C̲L̲U̲S̲I̲O̲N̲

For the foregoing reasons, the Court will order that the United States' motion to remove Plaintiff's *in forma pauperis* status (Doc. 125), be **GRANTED**; and further that Plaintiff pay the applicable filing fee in full within thirty (30) days of the date of this Court's order or dismissal of this action will be recommended.

An appropriate Order follows.


Dated: June 2, 2014                          *s/ Karoline Mehalchick*
                                             **KAROLINE MEHALCHICK**
                                             **United States Magistrate Judge**