UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALLACE DEEN-MITCHELL, <br><br> Plaintiff, <br><br> v. <br><br> HARLEY G. LAPPIN, et al., <br><br> Defendants | CIVIL ACTION NO. 1:11-CV-01902 <br><br> (CONNER, C.J.) <br> (MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

Plaintiff Wallace Deen-Mitchell, proceeding *pro se*, is a federal prisoner. From July 6, 2010, to November 17, 2011, Plaintiff was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). (Knepper Dec. Doc. 127-1, p. 3). Plaintiff is currently incarcerated at the United States Penitentiary in Florence, Colorado ("USP Florence"). On November 13, 2013, Plaintiff filed a motion to reinstate Document No. 102 and Document No. 74. (Doc. 122).[1] Pending before the Court is Plaintiff's Motion to Reinstate Document Number 74, Plaintiff's motion for preliminary injunction and/or temporary restraining order. (Doc. 122). For the following reasons, it is recommended that the Court **DENY** this motion.

On October 27, 2011, while incarcerated at USP Lewisburg, Plaintiff filed a motion for a preliminary injunction and/or temporary restraining order. (Doc. 74). In his motion, Plaintiff

---

[1] Document No. 102 is a motion to correct the spelling of Defendant Mink's name. (*See* Doc. 102 filed Aug. 20, 2012). Plaintiff seeks to change "Dr. Mink, psychologist" to "Dr. Danielle M. Mink." In an Order filed concurrently with this Report and Recommendation, the Court has directed the Clerk of Court to change Dr. Mink's name to Dr. Danielle M. Mink on the docket sheet. As such, this portion of Plaintiff's motion (Doc. 122) will not be discussed in the instant Report and Recommendation.

seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) to enjoin Defendants from depriving him of several things related to his conditions of confinement at USP Lewisburg. Specifically, Plaintiff seeks an order from this Court: directing "the Defendants to stop forcing inmates into the Plaintiff's cell, that the Plaintiff has identified as enemies. And to stop forcing the Plaintiff to sleep in the bed with other inmates while in restraints"; stopping Defendant Spade from sexually harassing him; directing Defendants to provide Plaintiff with medical and mental health care; directing Defendants to return his legal materials; directing Defendants to remedy several of his conditions of confinement; and directing Defendants to properly handle his mail. (Doc. 74).

Plaintiff is no longer incarcerated at USP Lewisburg. Since filing this motion, Plaintiff has been transferred to USP Florence, where he is currently incarcerated. On June 17, 2012, Plaintiff submitted a notice of change of address to the Court, stating that his new address is at USP Florence, Colorado. (Doc. 96). Because of this transfer from USP Lewisburg to USP Florence, Plaintiff's claims for injunctive relief arising out of his confinement at USP Lewisburg are moot. *Sutton v. Bradley*, No. 07-1798, 2007 WL 4570781 (M.D. Pa. Dec. 26, 2007); *Ibarra-Villalva v. USP-Allenwood*, 213 Fed. Appx. 132, 134 (3d Cir. 2007) (upholding denial of prisoner's challenge to conditions of confinement as moot because prisoner was transferred to another institution). As such, it is recommended that Plaintiff's Motion to Reinstate Document Number 74 (Doc. 122) be **DENIED**.

**BY THE COURT:**

Dated: July 15, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALLACE DEEN-MITCHELL, | |
| Plaintiff, | CIVIL ACTION NO. 1:11-CV-01902 |
| v. | (CONNER, C.J.) |
| | (MEHALCHICK, M.J.) |
| HARLEY G. LAPPIN, et al., | |
| Defendants | |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 15, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: July 15, 2014                             *s/ Karoline Mehalchick*
                                                 **KAROLINE MEHALCHICK**
                                                 **United States Magistrate Judge**