IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALLACE DEEN-MITCHELL,** | : | **CIVIL ACTION NO. 1:11-CV-01902** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **HARLEY G. LAPPIN** and | : | |
| **FEDERAL BUREAU OF PRISONS,** | : | |
| | : | |
| **Defendants** | : | |

# ORDER

AND NOW, this 15th day of August, 2014, upon consideration of the report (Doc. 160) of Magistrate Judge Karoline Mehalchick, issued July 15, 2014, wherein Judge Mehalchick recommends that the court deny the motion (Doc. 122) of *pro se* plaintiff Wallace Deen-Mitchell ("Deen-Mitchell") requesting the court to reinstate his motion (Doc. 74) seeking a preliminary injunction against certain of his then-jailers at United States Penitentiary ("USP") Lewisburg because Deen-Mitchell since has been transferred to USP Florence, where he is currently incarcerated, and his claim for injunctive relief against corrections officers at USP Lewisburg is now moot, (Doc. 160 at 2), and, after an independent review of the record, the court in full agreement with the Magistrate Judge that Deen-Mitchell's transfer to USP Florence moots his claim for injunctive relief against his former jailers at USP Lewisburg, see Ibarra-Villalva v. USP-Allenwood, 213 F. App'x 132, 134 (3d Cir. 2007) (concluding that prisoner's "claims are moot to the extent that he still seeks a temporary restraining order . . . because he has already been transferred to another institution"); see also Sutton v. Bradley, No. 07-1798,

2007 WL 4570781 (M.D. Pa. Dec. 26, 2007) (same), and it appearing that neither party has objected to the report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 160) is ADOPTED in its entirety.

2. Petitioner's motion (Doc. 122) for reinstatement of his motion (Doc. 74) for a preliminary injunction is DENIED.

3. This matter is REMANDED to Magistrate Judge Mehalchick for further proceedings.

          /S/ CHRISTOPHER C. CONNER
          Christopher C. Conner, Chief Judge
          United States District Court
          Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.