# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALLACE DEEN-MITCHELL,** | : | **CIVIL ACTION NO. 1:11-CV-01902** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **HARLEY G. LAPPIN** and<br>**FEDERAL BUREAU OF PRISONS,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 24th day of September, 2014, upon consideration of the motion (Doc. 173) for relief from judgment filed September 4, 2014, by *pro se* plaintiff Wallace Deen-Mitchell ("Deen-Mitchell"), wherein Deen-Mitchell asks the court to vacate its order (Doc. 171) denying his appeal from Magistrate Judge Karoline Mehalchick's order (Doc. 146) revoking his *in forma pauperis* status because Deen-Mitchell has had at least three civil actions dismissed as frivolous, malicious, or for failure to state a claim, see 28 U.S.C. § 1915(g) ("three strikes rule"), *to wit*: Mitchell v. Color Lab, No. 2:93-CV-4408 (D.N.J. Oct. 4, 1993) (dismissed as frivolous pursuant to 28 U.S.C. § 1915(d)); Mitchell v. Olds, No. 1:99-CV-1338 (D.D.C. June 11, 1999) (dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1)); Mitchell v. Davis, No. 1:99-CV-2330 (D.D.C. Sept. 1, 1999) (dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1)), and fails to satisfy the imminent danger exception to the three strikes rule as articulated in Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*), and thus is barred from filing any future lawsuits *in forma pauperis*, and the court construing Deen-Mitchell's

instant motion (Doc. 173) as a motion for reconsideration of the court's order affirming Judge Mehalchick's decision, and the court emphasizing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and noting that the court possesses an inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), but that such relief is to be granted "sparingly," Montanez v. York City, No. 12-CV-1530, 2014 U.S. Dist. LEXIS 96521, at \*20 (M.D. Pa. July 16, 2014) (quoting Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)), and that a party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2007)), nor is a motion for reconsideration "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 577 (E.D. Pa. 2001); see also Harsco Corp., 779 F.2d at 909, and the court reaffirming the Magistrate Judge's conclusion that Deen-Mitchell is barred from proceeding *in forma pauperis*, and that no argument raised or evidence identified in Deen-Mitchell's instant motion compels a contrary result, and concluding that Deen-Mitchell has had a full and

fair opportunity to litigate this issue, raised and briefed multiple times by the parties throughout this litigation, (see Doc. 129 (initial brief opposing government's motion to revoke *in forma pauperis* status), Doc. 132 (additional opposition brief), Doc. 144 (sur reply brief opposing government's initial motion), Doc. 147-48 (briefing on request to vacate Magistrate Judge's order granting government's motion)), and has failed to take advantage of several additional opportunities to show cause why the cases identified by the government and the court should not be considered strikes against him under the three strikes rule, (see Doc. 133 (ordering Deen-Mitchell to show cause why three strikes rule does not apply); Doc. 139 (granting Deen-Mitchell's motion for extension of time to respond to show cause order)), it is hereby ORDERED that Deen-Mitchell's motion (Doc. 173) for relief from judgment is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania