IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALLACE DEEN-MITCHELL,** | : | CIVIL ACTION NO. 1:11-CV-1902 |
| | : | |
| **Plaintiff** | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **HARLEY G. LAPPIN** and | : | |
| **FEDERAL BUREAU OF PRISONS,** | : | |
| | : | |
| **Defendants** | : | |

# ORDER

AND NOW, this 6th day of October, 2014, upon consideration of the report (Doc. 176) of Magistrate Judge Karoline Mehalchick, issued September 24, 2014, wherein Judge Mehalchick recommends the court dismiss the above-captioned matter given *pro se* plaintiff Wallace Deen-Mitchell's ("Deen-Mitchell") failure to pay the applicable filing fee within thirty (30) days of the court's August 15, 2014 order (Doc. 171) directing him to do so, and further upon consideration of Deen-Mitchell's objection (Doc. 177) filed October 6, 2014, in which Deen-Mitchell notes that he is temporarily incarcerated at the Central Detention Facility (DC Jail) in Washington, D.C., while pursuing certain challenges to his criminal convictions, and as such is without access to his prisoner account at Federal Correctional

Institution, Florence, Colorado ("FCI Florence"), (see Doc. 177 at 2), it is hereby

ORDERED that:

1. The above-captioned matter is held in abeyance pending Deen-Mitchell's return to FCI Florence.[1]

2. Deen-Mitchell shall notify the court of his new address immediately upon his return to FCI Florence.

3. Deen-Mitchell shall pay the applicable filing fee within fourteen (14) days of his return to FCI Florence or upon renewal of access to his federal prisoner account, whichever occurs earlier. Failure to comply with this directive will result in dismissal of this case.

    /S/ Christopher C. Conner
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] The court extends this deference to Deen-Mitchell despite his failure to comply with the court's April 14, 2010 order (Doc. 13) which directs him to provide notice of any change of address within ten (10) days of the change or as soon as practicable thereafter. Deen-Mitchell's noncompliance with this mandate is the source of much of the procedural confusion about which he now complains. In the interest of abundant caution, the court excuses Deen-Mitchell's noncompliance with this mandate at this juncture.